UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RYAN JOHN UNGER,                    )
                                    )
            Petitioner,             )
                                    )
      v.                            )    Case No. 1:26-cv-00068-SNLJ
                                    )
U.S.A.,                             )
                                    )
            Respondent.             )

## MEMORANDUM AND ORDER

Before the Court is Petitioner Ryan John Unger's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255, Motion for Equitable Tolling, and

Motion to Appoint Counsel. ECF Nos. 1, 2, and 4. After careful consideration, and for

the reasons explained below, Petitioner's Motion for Equitable Tolling will be denied,

and his Motion to Vacate, Set Aside, or Correct Sentence will be dismissed as time-

barred under 28 U.S.C. § 2255(f).

### BACKGROUND

On September 19, 2011, Petitioner pled guilty to production of child pornography.

*United States v. Unger*, No. 1:11-cr-00009-SNLJ-01 (E.D. Mo.), ECF No. 58. On

December 19, 2011, the Court sentenced Petitioner to a total term of imprisonment of 292

months, and a life term of supervised release. *Id.* at ECF No. 66. Petitioner filed a notice

of appeal on December 20, 2011, challenging only his sentence. ECF No. 69. The Eighth

Circuit affirmed the sentence on August 8, 2012. ECF No. 80.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

### MOTION FOR EQUITABLE TOLLING

Petitioner acknowledges that he has not filed his motion within the 1-year period of limitation in his Motion for Equitable Tolling. ECF No. 2. Instead, he argues that he should be allowed to file beyond the period of limitation on the grounds that he presents novel legal theories which provides grounds for equitable tolling. Petitioner argues he presents three novel grounds for consideration.

First, Petitioner argues that "all federal statutes that criminalize the production, distribution, viewing, and possession of child pornography are unconstitutional" because

they have not achieved the goal of completely eradicating child pornography. *Id*. at 2. Second, he argues that the sentencing scheme in cases of child pornography are unconstitutional because general deterrence cannot be used in these cases as the perpetrators "do not think rationally." *Id*. Finally, he argues that the sentencing scheme in all federal child pornography states is unconstitutional, again because it has not eradicated the existence of child pornography.

## DISCUSSION

Before dismissing a habeas action as time-barred, the Court must provide notice to the movant. *Day v. McDonough*, 547 U.S. 198, 210 (2006). In this case, Petitioner has already addressed the issue of timeliness, so no additional notice is needed. Petitioner's time to timely file his motion under 2255 expired in August 2013, so the present motion is out of time by over 12 years. The Court must now consider whether Petitioner's Motion for Equitable Tolling should be granted.

The Supreme Court has stated that equitable tolling is appropriate where a petitioner has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way of filing timely. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner states that his novel legal theories present such an extraordinary circumstance. He is incorrect for several reasons. First, Petitioner points to no new case law or constitutional provision which makes his claim possible now, but not 12 years ago. Nothing prevented Petitioner from raising these issues in a timely motion, other than Petitioner simply had not yet thought of his current approach. Second, and most importantly, Petitioner's "novel legal theories" are not based in law or logic. His primary

3

contention is that because child pornography still exists nearly 50 years after it was criminalized, it is unconstitutional to have laws against it. Under Petitioner's theories, only laws that *entirely eliminate* criminal behavior can survive constitutionally. Petitioner seemingly believes the constitution forces the legalization of even the most abhorrent conduct if criminal law does not eradicate the conduct. He points to no constitutional provision which would support this argument because, of course, none exists. Petitioner's other theory is that those who participate in child pornography do not think rationally, so there can be no general deterrence. Like his other theories, he cites no law or constitutional provision which would support this argument. These are not novel legal theories, but rather baseless attempts to attack his criminal conviction and sentence well beyond the period of limitation.

For these reasons, Petitioner's Motion for Equitably Tolling will be denied, and his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 will be dismissed with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court has considered whether to issue a certificate of appealability. For the Court to do so, Petitioner must show "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (emphasis and internal quotation marks omitted). Here, Petitioner's motion is clearly untimely, and he has provided no basis upon

4

which the Court could issue a certificate of appealability. The Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Equitable Tolling [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 1] is **DENIED** and this action is **DISMISSED** with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [ECF No. 4] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

**SO ORDERED** this 27th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5