**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RYAN JOHN UNGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-68-SNLJ |
| | ) | |
| U.S.A., | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This closed case is before the Court upon Petitioner Ryan John Unger's Motion for Extension of Time to File Notice of Appeal and Motion for Reconsideration. ECF Nos. 7 and 8. After careful consideration, and for the reasons explained below, Petitioner's Motion for Extension of Time will be granted and his Motion for Reconsideration will be denied.

On September 19, 2011, Petitioner pled guilty to production of child pornography. *United States v. Unger*, No. 1:11-cr-00009-SNLJ-01 (E.D. Mo.), ECF No. 58. On December 19, 2011, the Court sentenced Petitioner to a total term of imprisonment of 292 months, and a life term of supervised release. *Id.* at ECF No. 66. Petitioner filed a notice of appeal on December 20, 2011, challenging only his sentence. *Id.* at ECF No. 69. The Eighth Circuit affirmed the sentence on August 8, 2012. *Id.* at ECF No. 80.

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence on March 25, 2026. ECF No. 1. Petitioner acknowledged that this motion was out of time. However, he sought equitable tolling due to what he described as a novel legal theory. That theory, in part, was that "all federal statutes that criminalize the production, distribution, viewing, and possession of child pornography are unconstitutional" because they have not achieved the goal of completely

eradicating child pornography. *Id*. at 2.

The Court denied Petitioner's request for equitable tolling. ECF No. 5. The Court noted that Petitioner cited no law or constitutional provision that would support his argument. The Court noted that the argument from Petitioner was not rooted in law or logic. Petitioner now contests this finding in the Court's Order in his Motion for Reconsideration. He does not state under which rule he brings his Motion. The Court recognizes that he is well out of time to file a challenge under Federal Rule of Civil Procedure 59(e). A motion under Federal Rule of Civil Procedure 59(e) must be filed "no later than 28 days after the entry of the judgment." The current motion was filed over 60 days after the entry of the judgment. Thus, the Court presumes Petitioner seeks to bring his motion under Federal Rule of Civil Procedure 60(b). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Petitioner seeks to argue the same arguments that were put forth in his original Motion. The Court was unpersuaded by these arguments then and is unpersuaded now. He has failed to show any exceptional circumstances exist and has failed to show he is entitled to this extraordinary relief. The Motion for Reconsideration will be denied.

Plaintiff has stated that he needs more time to file a Notice of Appeal due to his limited amount of time available to do research, and the delay in his receiving the Order of Dismissal from this Court. ECF No. 7. Based on good cause, the Court will allow Plaintiff until **July 27, 2026** to file his Notice of Appeal. No further extensions will be entertained.

2

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration [ECF No. 8]

is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time to File Notice of Appeal [ECF No.7] is **GRANTED**. Petitioner has until **July 27, 2026** to file his Notice of Appeal.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE